## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANNE CUTLER, Derivatively on Behalf of WALGREEN CO., | Case No. 1:14-cv-10408 |
| Plaintiff, | Honorable Rebecca R. Pallmeyer |
| v. | |
| GREGORY D. WASSON, JAMES A. SKINNER, WILLIAM C. FOOTE, STEFANO PESSINA, ALAN G. MCNALLY, NANCY M. SCHLICHTING, ALEJANDRO SILVA, STEPHEN A. DAVIS, MARK P. FRISSORA, GINGER L. GRAHAM, DAVID J. BRAILER, DOMINIC P. MURPHY, JANICE M. BABIAK, WADE D. MIQUELON, and DAVID Y. SCHWARTZ, | ORAL ARGUMENT REQUESTED |
| Defendants, | |
| and | |
| WALGREEN CO., an Illinois corporation, | |
| Nominal Defendant. | |

## RULE 23.1 MOTION TO DISMISS

Nominal Defendant Walgreen Co. (often "Walgreens" or the "Company") and individual defendants Gregory D. Wasson, James A. Skinner, William C. Foote, Stefano Pessina, Alan G. McNally, Nancy M. Schlichting, Alejandro Silva, Steven A. Davis, Mark P. Frissora, Ginger L. Graham, David J. Brailer, Dominic P. Murphy, Janice M. Babiak, and David Y. Schwartz, through their counsel, move this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 23.1.[1] In support of this motion, the movants state:

---

[1] Pursuant to the Court's Order dated March 4, 2015, this motion only addresses issues related to Rule 23.1. Walgreens and the individual defendants will move to dismiss the Complaint under Rule 12(b)(6), if necessary, pursuant to a schedule the Court approves.

1.      Plaintiff's Complaint should be dismissed because she lacks standing to pursue this shareholder derivative action on behalf of Walgreen Co.  Plaintiff first lacks standing because she has not satisfied the demand requirement.  Plaintiff did not make a demand on Walgreens's Board of Directors, and the Complaint fails to plead with particularity that demand was excused as futile, as is required by substantive Illinois law and Rule 23.1.

2.      Plaintiff asserts that a demand would have been futile because a majority of the Walgreens Board faces a substantial likelihood of liability for breaches of the fiduciary duty of loyalty.  Plaintiff contends that the Board breached the duty of loyalty based on certain public statements regarding the Company's long-term financial performance goals and its internal controls.  In order to establish that the Board faces a substantial likelihood of liability on this basis, the Complaint must plead particularized facts establishing that the Board knew that the challenged statements were improper, and consciously and in bad faith refused to address them.

3.      The Complaint pleads no such facts.  Plaintiff's claimed "red flags" do not establish that the Board knew that any statement was improper, let alone that the Board egregiously failed to respond to known illegality.  Rather, Plaintiff's own Complaint makes clear that Walgreens reacted responsibly and timely to challenging economic developments first by disclosing in 2013 that it was not on track to meet one of its long-term financial performance goals for fiscal 2016, and then by withdrawing that goal in mid-2014.

4.      Plaintiff's corporate waste and unjust enrichment claims are dependent on her fiduciary duty claim, and so cannot independently create a substantial likelihood of liability for the Board.

5. Because the Complaint fails to plead particularized fact showing that a majority of the Board faces a substantial likelihood of liability, Plaintiff's failure to make a demand was not excused, and the Complaint should be dismissed.

6. Plaintiff also lacks standing for the independent reason that she is no longer a shareholder of Walgreen Co. Following the December 31, 2014, completion of the merger of Walgreen Co. and Alliance Boots GmbH, Plaintiff's Walgreen Co. shares were converted to shares in Walgreens Boots Alliance, Inc. ("WBA"), a newly formed parent company. Because Plaintiff is no longer a Walgreen Co. shareholder, she does not have standing to seek to step into Walgreen Co.'s shoes and litigate in its name. Instead, as a WBA shareholder, Plaintiff must bring a demand on the WBA Board of Directors, which she has not done. The Complaint should be dismissed for this reason too.

7. The movants submit the accompanying memorandum and exhibits in further support of this motion.

WHEREFORE, the movants request that this Court dismiss the Complaint.

Dated:  April 10, 2015

*/s/ Kristen R. Seeger*

Kristen R. Seeger (No. 6278416)
James W. Ducayet (No. 6236997)
John M. Skakun III (No. 6297636)
Elizabeth Y. Austin (No. 6308514)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
kseeger@sidley.com
jducayet@sidley.com
jskakun@sidley.com
laustin@sidley.com

Respectfully submitted,

*/s/ Thomas B. Quinn*

Thomas B. Quinn
David C. Blickenstaff
Virginia O. Hancock
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
tquinn@schiffhardin.com
dblickenstaff@schiffhardin.com
ghancock@schiffhardin.com

*Attorneys for Defendants Gregory D. Wasson,*
*James A. Skinner, William C. Foote, Stefano*

*Attorneys for Nominal Defendant*
*Walgreen Co.*

*Pessina, Alan G. McNally, Nancy M. Schlichting, Alejandro Silva, Steven A. Davis, Mark P. Frissora, Ginger L. Graham, David J. Brailer, Dominic P. Murphy, Janice M. Babiak, and David Y. Schwartz*

## <u>CERTIFICATE OF SERVICE</u>

Elizabeth Y. Austin hereby certifies that on April 10, 2015, she caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

<u>*/s/ Elizabeth Y. Austin*</u>