UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE CUTLER, Derivatively on Behalf of WALGREEN CO., <br><br>     Plaintiff, <br><br> v. <br><br>GREGORY D. WASSON, JAMES A. SKINNER, WILLIAM C. FOOTE, STEFANO PESSINA, ALAN G. MCNALLY, NANCY M. SCHLICHTING, ALEJANDRO SILVA, STEPHEN A. DAVIS, MARK P. FRISSORA, GINGER L. GRAHAM, DAVID J. BRAILER, DOMINIC P. MURPHY, JANICE M. BABIAK, WADE D. MIQUELON, and DAVID Y. SCHWARTZ, <br><br>     Defendants, <br><br> and <br><br>WALGREEN CO., an Illinois corporation, <br><br>     Nominal Defendant. | Case No. 1:14-cv-10408 <br><br> Honorable Rebecca R. Pallmeyer |

## **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY**

Nominal Defendant Walgreen Co. (generally "Walgreens") and all of the Individual Defendants (together, "Defendants"), through their counsel, move the Court for a protective order on the following grounds, which are more fully set forth in the accompanying memorandum:

1. This is a purported shareholder derivative action in which Plaintiff Anne Cutler seeks to assert claims on behalf of Walgreens.

2. On March 3, 2015, Plaintiff served document requests on Defendants.

3. Per the schedule agreed to by the parties and entered by the Court, the motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 23.1 (the "Rule 23.1 Motion") was filed on April 10, 2015.

4. The Rule 23.1 Motion argues that Plaintiff lacks standing and authority to maintain this derivative action because (i) her failure to make a pre-suit demand on Walgreens's Board of Directors was not excused and (ii) she is no longer a Walgreen Co. shareholder.

5. Good cause exists for a protective order staying all discovery until the Court rules on the Rule 23.1 Motion for three reasons.

6. First, as courts in this District and throughout the country regularly recognize, discovery is not appropriate in shareholder derivative litigation until there has been a judicial determination that the plaintiff has standing to step into the shoes of the corporation and litigate its claims, including through discovery. *See, e.g.*, *Piven v. Ryan*, 2006 WL 539186, at *5 (N.D. Ill. Mar. 1, 2006).

7. Second, discovery prior to adjudication of the Rule 23.1 Motion would impose a substantial burden on Defendants, while Plaintiff has no need for discovery now and would suffer no prejudice from a stay of discovery.

8. Third, a stay of discovery would serve the interests of judicial economy by avoiding discovery disputes that will likely be rendered unnecessary by the decision on the Rule 23.1 Motion.

9. On February 20, 2015, the parties conferred by telephone, including regarding whether discovery is appropriate before the Rule 23.1 Motion is decided. That conference was attended by Ashley R. Rifkin and Leonid Kandinov of Robbins Arroyo LLP for Plaintiff Cutler; Kristen R. Seeger, James W. Ducayet, and John M. Skakun III of Sidley Austin LLP for Nominal Defendant Walgreens; Thomas B. Quinn and Virginia O. Hancock of Schiff Hardin LLP for all Individual Defendants except Individual Defendant Wade D. Miquelon; and Laurence H. Levine of Laurence H. Levine Law Offices and Kelley M. Kinney of Wilson

Sonsini Goodrich & Rosati for Individual Defendant Miquelon.  The parties were unable to reach agreement on this issue.

10. On April 3, 2015, the parties again conferred by telephone regarding the document requests and the appropriate timing for discovery, and attempted in good faith to resolve their differences.  That conference was attended by John M. Skakun III of Sidley Austin LLP for Nominal Defendant Walgreens and Ashley R. Rifkin for Plaintiff Cutler.  The parties agreed to extend the deadline for responding to the document requests until April 13, 2015, so that they could further attempt in good faith to resolve their differences.  Mr. Skakun and Ms. Rifkin engaged in additional telephone conferences and email correspondence, but the parties were unable to reach an agreement.

WHEREFORE, Defendants request that this Court enter the proposed order staying discovery pending a ruling on the Rule 23.1 Motion, which was submitted in connection with this motion.

Dated: April 13, 2015

/s/ Kristen R. Seeger

Kristen R. Seeger (No. 6278416)
James W. Ducayet (No. 6236997)
John M. Skakun III (No. 6297636)
Elizabeth Y. Austin (No. 6308514)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
kseeger@sidley.com
jducayet@sidley.com
jskakun@sidley.com
laustin@sidley.com

*Attorneys for Nominal Defendant Walgreen Co.*

/s/ Laurence H. Levine

Laurence H. Levine
LAURENCE H. LEVINE LAW OFFICES
190 South LaSalle, Suite 3120
Chicago, IL 60603
Telephone: (312) 291-7000
Facsimile: (312) 291-7015
laurence.levine@lhlevine.com

Caz Hashemi
Kelley M. Kinney
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 849-3075
chashemi@wsgr.com
kkinney@wsgr.com

*Attorneys for Defendant Wade D. Miquelon*

Respectfully submitted,

/s/ Thomas B. Quinn

Thomas B. Quinn
David C. Blickenstaff
Virginia O. Hancock
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
tquinn@schiffhardin.com
dblickenstaff@schiffhardin.com
ghancock@schiffhardin.com

*Attorneys for Defendants Gregory D. Wasson, James A. Skinner, William C. Foote, Stefano Pessina, Alan G. McNally, Nancy M. Schlichting, Alejandro Silva, Steven A. Davis, Mark P. Frissora, Ginger L. Graham, David J. Brailer, Dominic P. Murphy, Janice M. Babiak, and David Y. Schwartz*

3

## **CERTIFICATE OF SERVICE**

Elizabeth Y. Austin hereby certifies that on April 13, 2015, she caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Elizabeth Y. Austin*